# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

STEVEN R. HASTINGS,                                                                                    PLAINTIFF
ADC #171672

v.                                              3:20-cv-00156-JM-JJV

JOHN SMITH, Corporal, ADC; *et al.*                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Steven R. Hastings ("Plaintiff") is a prisoner in the North Central Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. (Doc. No. 2.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.   SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

2

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff says that, in March 2020, his constitutional rights were violated when Defendant Corporal John Smith issued a false disciplinary charge against him, Defendant Justine Minor wrongfully found him guilty of that charge after holding a hearing, and Defendant Deputy Warden Robert Pierce refused to reverse his disciplinary conviction on appeal. (Doc. No. 2). As punishment, Plaintiff spent twenty-two days in punitive isolation, his class was reduced, and his commissary, phone, and visitation privileges were suspended for sixty days. (*Id*.)

Prisoners have a Fourteenth Amendment right to receive due process during prison disciplinary proceedings *only* if they implicated a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Prisoners have a liberty interest in avoiding temporary placement in administrative or punitive segregation only if the conditions there are an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 485; *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). The Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship." *Smith v. McKinney*, 954 F.3d 1075, 1082

(8th Cir. 2020); *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019).  Plaintiff has not pled any facts suggesting the conditions in punitive isolation were an atypical or significant hardship, and the Eighth Circuit has held confinement in punitive isolation for much longer than the twenty-two days alleged by Plaintiff do not give rise to a liberty interest.  *See Ballinger v. Cedar Cnty*, Mo., 810 F.3d 557, 562-563 (8th Cir. 2016) (finding no atypical hardship where a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*).  Similary, prisoners do not have a liberty interest in maintaining a particular classification level or in keeping commissary, phone, or visitation privileges.  *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Smith,* 954 F.3d at 1082; *Persechini v. Callaway*, 651 F.3d 802, 807, n. 4 (8th Cir. 2011).  Having no liberty interest at stake, Plaintiff was not entitled to receive any due process protections during his disciplinary proceedings.  Accordingly, he has failed to plead a plausible § 1983 claim for relief.

**IV.   CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 9th day of June 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE